**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILENE HAYS and DEY, L.P., </br></br>  Plaintiffs, </br></br> v. </br></br> MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services *et al.*, </br></br>  Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 08-1032 (EGS) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' RELATED CASE DESIGNATION**

**INTRODUCTION**

Plaintiffs Ilene Hays and DEY, L.P. have filed a Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court, asserting that their lawsuit is related to *Coakley v. Cigna Government Services, LLC*, Civil Action No. 08-976 (EGS), because the cases involve "common issues of fact" and "grow out of the same event or transaction." Under the Local Civil Rules, the case was automatically assigned to this Court.

Defendants hereby object to this designation. Plaintiffs' lawsuit is not related to *Coakley* as contemplated by Local Civil Rule 40.5, and judicial efficiency will not meaningfully be served by assigning this case to the same Judge. Because grounds do not exist in this case for an exception to the Court's policy that cases be randomly assigned, this case should be randomly reassigned pursuant to Local Civil Rule 40.3(a).

**ARGUMENT**

   **I.   Random Assignment and the Related-Case Rule**

In general, the rule in this judicial district is that civil cases "shall be assigned to Judges

of this court selected at random" in the manner specified in the local rules. Local Civil Rule 40.3(a). "The general rule requiring random assignment of cases 'guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" *Lucas v. Barreto*, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (Sullivan, J.) (quoting *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (op. of Calender Committee)). "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process." *Dale v. Executive Office of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (op. of Calender Committee).

The local rules provide certain limited exceptions to the random assignment rule that are intended to "enable the most efficient use of limited judicial resources while at the same time protecting the various parties' rights to have their claims and arguments heard and decided by an impartial decision-maker." *Clifford v. United States*, 136 F.3d 144, 148 (D.C. Cir. 1998); *see also Lucas*, 2005 WL 607923, at *3; *Tripp*, 196 F.R.D. at 202. The related cases rule thus "stands as an exception to the general rule of random assignment of cases in the District Court." *Dale*, 121 F. Supp. 2d at 37. The party who seeks an exception to the random assignment rule has the burden to demonstrate that the cases are related under one of the limited exceptions set forth in Local Civil Rule 40.5(a)(3). *Id.*; *accord Burt Lake Band of Ottawa & Chippewa Indians v. Norton*, 2001 WL 1701669, at *1 (D.D.C. June 15, 2001) ("The party who seeks to avoid random assignment bears the burden of showing that the cases are related under Rule 40.5.").

Under Local Civil Rule 40.5(a)(3), "[c]ivil . . . cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii)

involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." *See also* Local Civil Rule 40.5(b)(2) (procedure for filing civil related case designation). When a defendant objects to a designation that cases are related pursuant to Local Civil Rule 40.5(b)(2), the judge to whom the case is assigned shall determine the matter. Local Civil Rule 40.5(c)(3). "If a judge who is assigned a case under this procedure determines that the cases in question are not related, the judge may transfer the new case to the Calendar Committee" for reassignment. Local Civil Rule 40.5(c)(1).

## II. This Case is Not Related to *Coakley* Because The Cases Do Not "Grow Out of the Same Event or Transaction" and They Do Not "Involve Common Issues of Fact"

The plaintiffs in this case and in *Coakley* each seek to challenge certain Local Coverage Determinations ("LCDs") affecting the reimbursement rates established by the Secretary for drugs covered by Medicare Part B. The cases have little more in common. Their claims are not based on a common event or transaction, as they do not challenge a common denial of reimbursement or other application of the LCDs. In fact, the LCDs are currently not in force and have not yet been applied; the LCD provisions applicable to *Coakley* have effectively been withdrawn. The plaintiffs in these cases are merely bringing separate challenges to separate provisions of the same LCDs. This should not be sufficient ground for a designation as related cases. Finding that any challenges to an LCD are related would be tantamount to finding that all legal challenges to a single statutory provision or agency regulation can be tied together for the purposes of the related cases rule. Of course, minimal advancements in judicial economy hardly warrant assigning a single judge to hear all challenges to a statute. The related cases rule could not, and should not, be given such an expansive interpretation.

The cases also do not present the Court with common issues of fact. Since the *Hays* plaintiffs bring their claims pursuant to the Administrative Procedure Act and 42 U.S.C. § 1395ff(f)(3), the plaintiffs' own account is that there will be no factual issues for the Court to resolve on the merits in this case. *See* Compl. ¶¶ 7-8; 42 U.S.C. § 1395ff(f)(3) (allowing for judicial review of an LCD only if the moving party alleges that "there are no material issues of fact in dispute").[1] Insofar as any common issues of fact could have existed on the applications for preliminary injunctions, the *Coakley* application has been withdrawn. With no factual issues to be resolved, according to the plaintiffs' theories, a court's merits review in this case would be limited to certain discrete legal issues, and judicial economy would not be meaningfully served by placing this case before the same Judge as *Coakley*.

Plaintiffs may point to similarities in the drugs at issue in these cases, DuoNeb and Xopenex. But the differing application of the LCDs to these drugs, as stressed by plaintiffs themselves, significantly outweigh the similarities. The plaintiffs are distinct groups of beneficiaries and manufacturers who use and produce two separate drugs. The plaintiffs recognize this distinction: each implicitly concedes that the Secretary is not required to apply the same reimbursement formula to DuoNeb and Xopenex. In fact, the two sets of plaintiffs argue that statutory provisions require the Secretary to treat the drugs differently. In the instant case, Plaintiffs Hays and DEY, L.P. argue that 42 U.S.C. § 1395w-3a(b) requires DuoNeb to be

---

[1] Moreover, to the extent facts are at issue in either case, the plaintiffs' arguments rest on very different facts with respect to the different drugs involved in the two cases. DuoNeb, in this case, and Xopenex, in *Coakley*, present different issues as to whether the LCDs should apply. Indeed, the Secretary has determined that the LCDs would *not* apply to Xopenex. The *Coakley* defendants will thus be filing a motion to dismiss on mootness, standing, and lack of subject matter jurisdiction. By contrast, the Secretary has made no such determination with respect to DuoNeb, the reimbursement rates for which remain subject to the LCDs.

reimbursed in the amount of "106 percent of the Average Sales Price ('ASP') [for DuoNeb], subject to any applicable beneficiary deductibles and co-payments." *Hays*, Pls.' Compl. ¶ 30. In *Coakley*, however, the plaintiffs argue that the Medicare, Medicaid, and SCHIP Extension Act of 2007, Pub. L. 100-173, 121 Stat. 2492, established a special reimbursement rule for Xopenex. *Id.* at 10. Pursuant to 42 U.S.C. § 1395w-3a(b)(7), Plaintiffs claim, Xopenex must be "reimbursed at the lesser of (1) 106 percent of its own ASP, or (2) 106 percent of the blended average of the ASPs for Xopenex and the various generic forms of albuterol." *Id.* at 10-11. The effect of these two separate statutory provisions, according to the plaintiffs in these cases, is to statutorily mandate that the Secretary provide for different payment rules for the Medicare Part B reimbursement of DuoNeb and Xopenex. The plaintiffs' legal arguments in this case and *Coakley* thus rest on distinct foundations.

Finally, nothing else about the circumstances of this case warrants a designation that the case is related to *Coakley*. The legal postures of the two cases are distinct. In *Coakley*, the defendants anticipate filing a motion to dismiss on the grounds of standing, mootness, and lack of subject matter jurisdiction based on the undisputed fact that the LCDs will *not* apply to Xopenex. While an application for a preliminary injunction had been filed in that case, it was subsequently withdrawn. In the instant case, however, the Secretary has decided to delay until November 1, 2008 the implementation of the LCDs' provision as they relate to DuoNeb, but that drug remains subject to the LCDs. While Defendants are still considering potential grounds for a Rule 12 motion, such a motion would raise different legal issues than those present in *Coakley*. If no such motion is filed, Defendants expect that the parties would be able to proceed to resolution on the merits through summary judgment. The distinct postures of the two cases

further diminish any interest of judicial economy to be served by designation under the related cases rule.

## CONCLUSION

For the reasons stated above, Defendants' objection to Plaintiffs' related case designation should be sustained, and this case should be transferred to the Calendar Committee for assignment pursuant to Local Civil Rule 40.3(a).

Dated: June 20, 2008.	Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SHEILA LIEBER
Assistant Branch Director

 /s/ Scott Risner
SCOTT RISNER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-2395
Fax: (202) 616-8470

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 20, 2008, I caused a true and correct copy of the foregoing Notice of Appearance to be served on Plaintiffs' counsel electronically by means of the Court's ECF system.

                 */s/ Scott Risner*
                 Scott Risner