IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------x
ILENE HAYS,                                                :
                                                           :
and                                                        :
                                                           :
DEY, L.P.,                                                 :
                                                           :
                    Plaintiffs,               :   Civ. No. 08-1032(EGS)
                                                           :
v.                                                         :
                                                           :
MICHAEL O. LEAVITT, Secretary of                           :
the United States Department of Health                     :
and Human Services, et al.,                                :
                                                           :
                    Defendants.               :
-----------------------------------------------------------x
```

**PLAINTIFFS' OPPOSITION TO THE GOVERNMENT'S
OBJECTION TO RELATED CASE DESIGNATION**

## INTRODUCTION

The government has objected to the designation of the instant case as "related" to another pending case before this Court, *Coakley v. Cigna Government Services, LLC*, C.A. No. 08-976, notwithstanding the easily-demonstrable fact that both cases have a common origin and identity of fundamental legal issues. Plaintiffs therefore submit that the Court should reject the government's motion and continue to exercise jurisdiction over the instant matter.

As the Court learned at the time of last week's status conference, Plaintiffs have sought declaratory and injunctive relief prohibiting the Secretary of Health and Human

Services (the "Secretary") from implementing a cluster of four Medicare Part B Local Coverage Determinations ("LCDs") that would set reimbursement rates for nebulizer drugs based on a proposition known as the "least costly alternative." Plaintiffs believe that this methodology is precluded by the plain language of 42 U.S.C. § 1395w-3a. So do the *Coakley* plaintiffs.

The LCDs at issue had been scheduled to take effect on July 1, 2008, but in the wake of the parties' ongoing negotiations and the Plaintiffs' filing for a preliminary injunction, the Secretary agreed that the LCDs would be suspended until at least November 1, 2008. This mooted the Plaintiffs' motion for a preliminary injunction, at least for the present. However, notwithstanding that the parties will continue their discussions that might lead to a negotiated result, the case itself survives, and remains a case related to *Coakley*.

Plaintiffs filed their complaint on June 16, 2008. At that time, the *Coakley* case was pending before this Court. The *Coakley* plaintiffs sought the very same relief as the Plaintiffs here, alleging the same violation by the Secretary of the same statute by the same LCDs. In short, this commonality supports the application of Local Civil Rule 40.5 and the maintenance of this action as a related case before this Court, notwithstanding certain differences between the cases that are immaterial to their overriding common legal issues.

## **ARGUMENT**

### THE FACTS AND CIRCUMSTANCES OF THIS
### CASE EASILY CONFORM TO THE "RELATED PARTY" RULE

Local Civil Rule 40.5(a)(3), provides in pertinent part that "[c]ivil . . . cases are deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact, or (iii) grow out of the same event or transaction . . . ." A straightforward reading of the pleadings in both this case and *Coakley* amply demonstrates that the two cases stem from the same decision by the Secretary and involve common issues of fact and law that call for a single court – this Court – to resolve the fundamental question presented in both cases – that is, whether the Secretary, by fiat, has the authority to override the specific congressional directive of a statute that sets out the reimbursement formula for all covered Medicare Part B drugs.

The plaintiffs in both cases seek to prevent the Secretary from implementing the same four LCDs, which would for the first time abandon the comprehensive reimbursement methodology for nebulizer drugs set forth in 42 U.S.C. § 1395w-3a, under which Medicare Part B drugs are reimbursed based on 106 percent of the ASP for that drug, which in turn is determined by market forces. (*Compare* Plaintiffs' Memorandum of Law in Support of an Application For A Preliminary Injunction at 11-15 ("Hays Memo") with Coakley Memorandum of Law in Support of the Application for Preliminary Injunction at 22-24 ("Coakley Memo").)

The fundamental and identical issue in the two cases is that the LCDs impermissibly mix payment and coverage considerations. In *Coakley*, the plaintiffs argue

that "[t]he LCDs at issue here are not confined to determining whether Xopenex is covered; they impermissibly go on to establish an LCA payment methodology *when* Xopenex is covered." (Coakley Memo at 22.) The instant Plaintiffs argue that the Social Security Act "sets out the basic standard for <u>coverage</u> under the Medicare program; it does not establish either a <u>payment</u> rate or a <u>payment</u> methodology." (Hays Memo at 16.) Both sets of plaintiffs make the essential point that the LCDs would replace the statutory formula with the so-called "least costly alternative" for a drug, giving the Secretary almost full control over the reimbursement determination for that drug. The Court's ruling on this point, clearly one of common origin in both cases, would be dispositive in both cases.

In both cases, the relevant, potentially dispositive subsections and subparagraphs of 42 U.S.C. § 1395w-3a all refer to Medicare Part B reimbursement calculations that are based on 106 percent of ASP, and not on the "least costly alternative". Although the *Coakley* plaintiffs rely on a subparagraph of 42 U.S.C. § 1395w-3a that contains a special rule that applies to the single-source drug at issue in that case, this distinction is immaterial to the ultimate legal point in both cases. The calculation under subparagraph (b)(2) directs that reimbursement for a nebulizer drug such as DuoNeb® (the drug at issue here) be based on 106 percent of ASP, while subparagraph (b)(7) cited in *Coakley*, refers to lesser of (1) 106 percent of the ASP for Xopenex or (2) 106 percent of the blended average of the ASPs for Xopenex and the various generic forms of albuterol.

The Secretary cannot escape the fact that in both cases the underlying statute directs that reimbursement be based on 106 percent of the ASP for the drug in question.

Although subparagraph (b)(7) may require an additional calculation, the ASP methodology is still the touchstone for compliance with the law.  As the *Coakley* plaintiffs argue, the LCDs are "at odds with the statutory language establishing a mandatory reimbursement scheme for Part B inhalation drugs *like* Xopenex. The Medicare statute does not give any discretion to the Medicare contractors (or the Secretary for that matter) to carve out exceptions to this payment method when they suppose that a cheaper drug will suffice for the average patient." (Coakley Memo at 23-24) (emphasis added).  As a result, both sets of plaintiffs seek the identical substantive relief: an order directing the Secretary to comply with the plain language of 42 U.S.C. § 1395w-3a, instead of applying a methodology that appears nowhere in the Social Security Act or Medicare regulations.

The Secretary's second set of arguments is equally unavailing.  By focusing on the procedural posture of the case at this moment, the Secretary overlooks the fact that, as of the time of filing and as of today, both cases are on the Court's docket, and present the same substantive issue based on the identical agency determination.  Although the Secretary states that he will be filing a motion to dismiss that case, there is as of today no such order on the record.  Moreover, the statements in footnote one of Defendants' Objection are inaccurate. The Secretary has not determined that the LCDs do not apply to Xopenex.  Rather, at the urging of this Court, he has agreed not to take any further action before December 31, 2008.  Indeed, soon after the filing of the Complaint here, the Secretary made a similar agreement with Plaintiffs, albeit as to an earlier date, further underscoring the controlling factual similarities in both cases.

Retaining the instant matter as a related case is entirely consistent with the prior decisions of this Court. For example, under Rule 40.5(a)(3), it was held appropriate to designate a group of cases as related where the common issues involved an agency's discharge of its legal obligations as a fiduciary. *See Standing Rock Sioux Tribe v. Norton*, No. 02-40 (RCL), 2002 U.S. Dist. LEXIS 27232 (D.D.C. July 23, 2002) (*citing Cobell v. Babbitt*, 91 F. Supp. 2d 1 (D.D.C. 1999)).  As was the case in *Standing Rock*, both the instant Plaintiffs and the *Coakley* plaintiffs seek nothing more on the merits than an order that would direct an administrative agency to perform a specific obligation imposed on it by Congress with respect to a specific category of drugs.[1]

Although the Secretary might prefer that, if he is forced to litigate to an ultimate merits determination, he might get multiple shots at the issue before different judges, it remains a fact that a determination on the merits in either case would be dispositive of the other, assuming that the cases both remained before the same judge. Clearly, the instant case was related to *Coakley* at the time of filing and remains so now.

## **CONCLUSION**

For the reasons stated above, the Court should deny the Secretary's objection, and the case at bar should remain on this Court's docket in accordance with Local Rule 40.5.

---

[1] By contrast, there was no basis for related party designation where there had already been a determination on the merits of a predicate case, or where the only link between two cases was that both raised equal employment opportunity allegations under different provisions of the law. *Doe v. Von Eschenbach, et al.*, No. 06-2131 (EGS), 2007 U.S. Dist. LEXIS 41221 (D.D.C. June 7, 2007); *Lucas v. Barreto*, No. 04-1262(EGS), 2005 U.S. Dist. LEXIS 4248 (D.D.C. Mar. 16, 2005); *see also Howard v. Gutierrez*, 405 F. Supp. 2d 13 (D.D.C. 2005).  These cases thus provide the government with no real support for its objection here.

Dated: June 24, 2008                    Respectfully submitted,


                                        /s/ Robert Wanerman_____
                                        Stuart M. Gerson
                                        D.C. Bar No. 94227
                                        Robert Wanerman
                                        D.C. Bar No. 456895
                                        Epstein Becker & Green, P.C.
                                        1227 25th Street, N.W., Suite 700
                                        Washington, D.C. 20037
                                        (202) 861-4180
                                        sgerson@ebglaw.com
                                        rwanerman@ebglaw.com

                                        Counsel for Plaintiffs

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I caused a true and correct copy of the foregoing Plaintiffs' Opposition to the Government's Objection to Related Case Designation to be served on Defendants' counsel electronically by means of the Court's ECF system:

>Scott Risner, Esq.
>U.S. Department of Justice
>20 Massachusetts Avenue, NW
>Washington, DC 20530

>/s/ Robert Wanerman
>Robert Wanerman