**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILENE HAYS and DEY, L.P., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary of ) <br> the United States Department of Health ) <br> and Human Services *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 08-1032 (EGS) |

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO RELATED
CASE DESIGNATION**

Plaintiffs identify similar legal issues in this case and *Coakley v. Cigna Government Services, LLC*, Civil Action No. 08-976 (EGS), and claim that this warrants their designation as related cases. Since the existence of common legal issues does not make two cases related, Defendants' objection to the designation should be sustained, and this case should be transferred to the Calendar Committee for random reassignment.

Local Civil Rule 40.5 provides, in relevant part, that two cases are related if they "involve common issues of fact" or "grow out of the same event or transaction." Plaintiffs claim that the cases involve common issues of fact, but they identify no such facts. As Defendants argued, Plaintiffs' own characterization of their claims would present the Court with no factual issues to be resolved. Plaintiffs do not seriously dispute this assertion, but instead they attempt to argue that the cases are related because the two groups of plaintiffs bring similar challenges to the same Local Coverage Determinations ("LCDs"), and the plaintiffs seek the same relief. *See* Pls.' Opp'n to Defs.' Obj. at 2. This should not be sufficient for a designation as related.

Common legal issues do not make two cases related, nor should they. Essentially, Plaintiffs argue that two cases would be related whenever the plaintiffs seek to invalidate different provisions of the same statutory section. Such cases may share a common legal issue, but they do not arise from the same factual circumstances.

Contrary to Plaintiffs' assertion, an accurate understanding of the status of the LCDs, and their application to the drugs at issue in this case and *Coakley*, shows that these cases present distinct factual circumstances. As Defendants previously noted, the Secretary has decided to delay the effectiveness of the LCDs' provision relating to the drug DuoNeb until November 1, 2008, but he "has determined that the LCDs would *not* apply to Xopenex." Defs.' Obj. at 4 n.1. Plaintiffs claim this is inaccurate respecting Xopenex, as the Secretary has only "agreed not to take any further action before December 31, 2008." Pls.' Opp'n to Defs.' Obj. at 5. Plaintiffs contend this makes the cases similar: for each drug the Secretary has delayed the effectiveness of the LCDs. *Id.*

In fact, the situations are entirely distinct. The Secretary has instructed contractors to withdraw the provision of the LCDs that applies to Xopenex (the brand name of levalbuterol). The Secretary issued instructions indicating that the provision should be withdrawn – not simply delayed – and providing that such a provision could only be reinstated upon further action by the Secretary. *See* JSM/TDL-08351 (June 11, 2008) at 1 ("Contractors shall withdraw the least costly alternative (LCA) policies for levalbuterol and shall take no further action before December 31, 2008. Contractors shall take no further action thereafter, until receipt of further guidance from CMS.") (attached as Exhibit 1). For the drug DuoNeb (a combination of the drugs albuterol and ipatropium), on the other hand, the Secretary has merely delayed the

effective date of the relevant provision of the LCDs. Absent further action by the Court or the parties, that provision *will* enter into force on November 1, 2008. *See* JSM/TDL-08371 (June 20, 2008) ("Contractors shall not implement the least costly alternative (LCA) policies for the FDA-approved unit dose combination of albuterol and ipratropium (J7620) until November 1, 2008.") (attached as Exhibit 2).

The LCDs' treatment of DuoNeb and Xopenex is thus completely distinct. One drug is covered by a provision of the LCDs, effective November 1, 2008, while the other drug is not covered at all. This hardly demonstrates that there are "controlling factual similarities" between the cases. *See* Pls.' Opp'n to Defs.' Obj. at 5.

Finally, it is bizarre for Plaintiffs to suggest that the Secretary's objection to the related case designation is an attempt to somehow game the system by attempting to "get multiple shots at the issue before different judges." *See id.* at 6. Placing these issues before different judges could hardly be to the Secretary's benefit, since any single adverse decision could result in a determination that the Secretary lacks the authority to adopt the relevant provisions of the LCDs. Viewed in that light, it could only be to Plaintiffs' advantage to seek rulings from multiple judges. Instead, the Secretary merely seeks to vindicate the general rule applied in this district that cases will be randomly assigned. Such a presumption for random assignment "guarantees fair and equal distribution of cases to all judges, avoids public perception or apperance of favoritism in assignments, and reduces opportunities for judge-shopping.'" *Lucas v. Barreto*, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (quoting *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (op. of Calender Committee)).

Dated: June 26, 2008.                                          Respectfully submitted,

                GREGORY G. KATSAS
                Acting Assistant Attorney General

                JEFFREY A. TAYLOR
                United States Attorney

                SHEILA LIEBER
                Assistant Branch Director

                */s/ Scott Risner*
                SCOTT RISNER
                Trial Attorney
                United States Department of Justice
                Civil Division, Federal Programs Branch
                20 Massachusetts Ave., N.W.
                Washington, D.C. 20530
                Tel: (202) 514-2395
                Fax: (202) 616-8470

                Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 26, 2008, I caused a true and correct copy of the foregoing Notice of Appearance to be served on Plaintiffs' counsel electronically by means of the Court's ECF system.

                                                 */s/ Scott Risner*
                                                 Scott Risner

# Exhibit 1

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



JSM/TDL-08351, 06-11-08

**MEMORANDUM**

**DATE:**     June 13, 2008

**FROM**:     Director, Coverage and Analysis Group
              Office of Clinical Standards and Quality

              Director, Medicare Contractor Management Group
              Center for Medicare Management

**SUBJECT:**  Levalbuterol -- CORRECTION

**TO:**       All Durable Medical Equipment Medicare Administrative Contractors
              (DME MACs)

In December 2007, Congress enacted the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA).  Section 112(b) of MMSEA (which added section 1847A(b)(7) of the Social Security Act) provides that the average sales price (ASP)-based payment rate for single source inhalation drugs that are treated as multiple source under the grandfathering provision is the lower of the payment amount determined when the grandfathering clause is applied or when the grandfathering clause is not applied.  Section 112(b) also provides that the ASP-based payment rate for multiple source inhalation drugs is the lower of the amount determined taking the grandfathering clause into account, or not applying the grandfathering clause.

Section 112(b) of MMSEA is drafted to apply to a very specific subset of drugs reimbursed under the ASP methodology.  By its terms, it applies only to those inhalation drugs or biologicals furnished through an item of durable medical equipment that the ASP grandfathering clause affects.  Due to the specificity of section 112(b), and the implications that it may have on how the Centers for Medicare & Medicaid Services (CMS) pays for certain drugs, CMS would like to review this provision further.  Contractors shall withdraw the least costly alternative (LCA) policies for levalbuterol and shall take no further action before December 31, 2008.  Contractors shall take no further action thereafter, until receipt of further guidance from CMS.

**NOTE: MEDICARE ADMINISTRATIVE CONTRACTORS (MACs)**

**DME MAC Contract Numbers**

Jurisdiction A ~ HHSM-500-2006-M0001Z
Jurisdiction B ~ HHSM-500-2006-M0002Z
Jurisdiction C ~ HHSM-500-2006-M0006Z

Jurisdiction D ~ HHSM-500-2006-M0004Z

2

**This Joint Signature Memorandum is being issued to you as technical direction under your MAC contract and has been approved by your Project Officer. This technical direction is not construed as a change or intent to change the scope of work under the contract and is to be acted upon only if sufficient funds are available.  In this regard, your attention is directed to the clause of the General Provisions of the contract entitled Limitation of Cost, FAR 52.232-20.  If the Contractor considers anything contained herein to be outside of the current scope of the contract, or contrary to any of its terms or conditions, the Contractor shall immediately notify the Contracting Officer in writing as to the specific discrepancies and any proposed corrective action.**

Should you require further technical clarification, you may contact your Project Officer. Contractual questions should be directed to your CMS Contracting Officer.  Please copy the Project Officer and Contracting Officer on all electronic and/or written correspondence in relation to this technical direction letter.

/s/ Steve E. Phurrough, MD, MPA

/s/ Karen Jackson

cc: **(JSM/TDL-08351 has been approved by the MAC Project Officers)**
Andrew Conn, National Heritage Insurance Company
Edmund Kedzierski, National Heritage Insurance Company
David Barnett, National Government Services, Inc
Joel Allegier, National Government Services, Inc
Melissa Kirchenbauer, CIGNA Government Services, LLC
Robert Madgett, CIGNA Government Services, LLC
Emy Stenerson, Noridian Administrative Services
Karla Thormodson, Noridian Administrative Services
All RAs
Nanette Foster Reilly, Consortium Administrator for Financial Management and
   Fee-for-Service Operations
Kathy Markman, OAGM
Linda Hook, OAGM
Linda Gmeiner, OAGM
David Wetherson, OAGM
Marybeth Jason, CMM/MCMG
Larry Young, CMM/MCMG
Jeff Hinson, CMM/MCMG
Pat Williams, Eastern Program Director
John Delaney, Southern Program Director
Jody Kurtenbach, Acting Western Program Director

# Exhibit 2

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



JSM/TDL-08371, 06-20-08

**MEMORANDUM**

**DATE:**     June 20, 2008

**FROM**:     Director, Coverage and Analysis Group
              Office of Clinical Standards and Quality

              Director, Medicare Contractor Management Group
              Center for Medicare Management

**SUBJECT:**  Food and Drug Administration (FDA) - Approved Unit Dose Combination of Albuterol and Ipratropium

**TO:**       All Durable Medical Equipment Medicare Administrative Contractors (DME MACs)


Contractors shall not implement the least costly alternative (LCA) policies for the FDA-approved unit dose combination of albuterol and ipratropium (J7620) until November 1, 2008.

**NOTE: MEDICARE ADMINISTRATIVE CONTRACTORS (MACs)**

**DME MAC Contract Numbers**

Jurisdiction A ~ HHSM-500-2006-M0001Z
Jurisdiction B ~ HHSM-500-2006-M0002Z
Jurisdiction C ~ HHSM-500-2006-M0006Z
Jurisdiction D ~ HHSM-500-2006-M0004Z

**This Joint Signature Memorandum is being issued to you as technical direction under your MAC contract and has been approved by your Project Officer. This technical direction is not construed as a change or intent to change the scope of work under the contract and is to be acted upon only if sufficient funds are available.  In this regard, your attention is directed to the clause of the General Provisions of the contract entitled Limitation of Cost, FAR 52.232-20.  If the Contractor considers anything contained herein to be outside of the current scope of the contract, or contrary to any of its terms or conditions, the Contractor shall immediately notify the Contracting Officer in writing as to the specific discrepancies and any proposed corrective action.**

2

Should you require further technical clarification, you may contact your Project Officer. Contractual questions should be directed to your CMS Contracting Officer.  Please copy the Project Officer and Contracting Officer on all electronic and/or written correspondence in relation to this technical direction letter.

/s/  /s/
Steve E. Phurrough, MD, MPA    Karen Jackson

cc: **(JSM/TDL-08371 has been approved by the MAC Project Officers)**
Andrew Conn, National Heritage Insurance Company
Edmund Kedzierski, National Heritage Insurance Company
David Barnett, National Government Services, Inc
Joel Allegier, National Government Services, Inc
Melissa Kirchenbauer, CIGNA Government Services, LLC
Robert Madgett, CIGNA Government Services, LLC
Emy Stenerson, Noridian Administrative Services
Karla Thormodson, Noridian Administrative Services
All RAs
Nanette Foster Reilly, Consortium Administrator for Financial Management and
    Fee-for-Service Operations
Kathy Markman, OAGM
Linda Hook, OAGM
Linda Gmeiner, OAGM
David Wetherson, OAGM
Marybeth Jason, CMM/MCMG
Larry Young, CMM/MCMG
Jeff Hinson, CMM/MCMG
Pat Williams, Eastern Program Director
John Delaney, Southern Program Director
Jody Kurtenbach, Acting Western Program Director