IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ILENE HAYS and DEY, L.P., </br></br> Plaintiffs, </br></br> v. </br></br> MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services, et al., </br></br> Defendants. | Civil Action No. 08-01032 (HHK) |

## ANSWER

Defendants Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services; Kerry N. Weems, the Acting Administrator of the Centers for Medicare and Medicaid Services; CIGNA Government Services; National Heritage Insurance Company; National Government Services; and Noridian Administrative Services, by and through their undersigned counsel, hereby answer Plaintiffs' Complaint in the captioned matter as follows:

### General Denial

Defendants deny all allegations set forth in the Complaint not otherwise admitted below, including all well-pleaded allegations contained in Plaintiffs' prayer for relief.

### Specific Denials and Responses

Answering the specific numbered paragraphs of Plaintiffs' Complaint, Defendants further state as follows:

1-2. Defendants are without sufficient knowledge to form an averment as to the truth or falsity of these paragraphs.

3. This paragraph is denied except to admit that the fixed dose combination of

albuterol sulfate and ipratropium bromide has been assigned a distinct code for billing and data collection purposes under the Healthcare Common Procedure Coding System ("HCPCS").

  4. This paragraph is denied except to admit that Defendants intend to apply the "least costly alternative" principle to the fixed dose combination of albuterol sulfate and ipratropium bromide effective November 1, 2008.

  5. This paragraph is denied.

  6. The first sentence of this paragraph is Plaintiffs' characterization of this action, to which no response is required. The second sentence of this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations are denied.

  7-9. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, these paragraphs are denied.

  10. Defendants are without sufficient knowledge to form an averment as to the truth or falsity of this paragraph.

  11-17. These paragraphs are admitted.

  18-20. Defendants are without sufficient knowledge to form an averment as to the truth or falsity of these paragraphs.

  21. The first sentence of this paragraph is admitted. The remainder of this paragraph is denied except to admit that HCPCS code J7620 has been assigned to the fixed dose combination of albuterol sulfate and ipratropium bromide for billing and data collection purposes.

  22. This paragraph is denied.

  23-24. These paragraphs are admitted.

25. This paragraph is a characterization of 42 U.S.C. § 1395y(a)(1)(A), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

26. This paragraph is admitted.

27. In response to this paragraph, it is admitted that CMS has delegated certain program responsibilities to contractors. The remainder of this paragraph is a characterization of 42 C.F.R. § 426.110 and 42 U.S.C. § 1395h, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the regulation and statute for a full and accurate statement of their contents.

28. This paragraph is denied except to admit that the Medicare Act authorizes the coverage of certain prescription drugs to eligible Medicare beneficiaries as is reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member under Medicare Parts A, B, C, or D, depending on various factors including the setting in which the drug is administered and the nature of the specific drug coverage benefit that is applicable.

29. The first sentence of this paragraph is admitted. The second and third sentences are a characterization of Chapter 6 of the Medicare Prescription Drug Manual, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the manual for a full and accurate statement of its contents. The fourth sentence is denied except to admit that Medicare Part B covers the fixed dose combination of albuterol sulfate and ipratropium bromide when prescribed to eligible Part B enrollees for whom this drug is reasonable and necessary for the treatment of illness or injury.

30. This paragraph is a characterization of 42 U.S.C. § 1395w-3a, to which no

response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

      31.    The first and second sentences of this paragraph are a characterization of 42 U.S.C. § 1395w-3a, to which no response is required. The third sentence of this paragraph is a characterization of 42 U.S.C. § 1396r-8(b), to which no response is required. To the extent a response to this paragraph is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

      32.    This paragraph is a characterization of 42 U.S.C. § 1395w-3a, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

      33.    The first sentence of this paragraph is admitted. The remainder of this paragraph is denied except to admit that CMS has published the "least costly alternative" principle for reimbursement for durable medical equipment and other items in Chapter 13 of the Medicare Program Integrity Manual.

      34.    This paragraph is denied.

      35.    The first sentence of this paragraph is admitted. The second sentence of this paragraph is a characterization of 42 U.S.C. § 1395ff(f)(2)(B), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

      36.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

      37.    This paragraph is a characterization of 42 U.S.C. § 1395y(1)(5), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer

the Court to the statute for a full and accurate statement of its contents.

38. This paragraph is a characterization of Chapter 13 of the Medicare Program Integrity Manual, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the manual for a full and accurate statement of its contents.

39. This paragraph is denied except to admit that Chapter 13 of the Medicare Program Integrity Manual does not discuss gathering evidence regarding the ASP or WAMP of a particular drug or biological in the LCD development process.

40. This paragraph is a characterization of 42 U.S.C. § 1395kk-1(a)(4), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

41. The first sentence of this paragraph is a characterization of 42 U.S.C. § 1395kk-1(a)(5), to which no response is required. The second and third sentences of this paragraph are a characterization of 42 U.S.C. § 1395ddd, to which no response is required. To the extent a response to this paragraph is deemed required, Defendants respectfully refer the Court to the statutes for a full and accurate statement of their contents.

42. This paragraph is denied, except to admit that HCPCS code J7620 is described as "Albuterol, up to 2.5 mg and ipratropium bromide, up to 0.5 mg, FDA-approved final product, noncompounded, administered through DME," and that there are different HCPCS codes for individual doses of albuterol sulfate and ipratropium bromide.

43. The first sentence of this paragraph is denied. Defendants respond further that at the time, there were three, not four, Medicare Program Safeguard Contractors which published draft LCDs addressing coverage for nebulizers and nebulized drugs. The second sentence is

denied except to admit that the Program Safeguard Contractors solicited comments and conducted open meetings as part of the consideration of the draft LCDs. The third sentence is denied.

44. This paragraph is a characterization of the draft LCDs, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the draft LCDs for a full and accurate statement of their contents.

45. This paragraph is denied except to admit that the PSCs did not conduct meetings with the Part B Medicare Carrier Advisory Committee or Quality Improvement Organizations during the development of the draft LCDs.

46. The first sentence of this paragraph is denied except to admit that the four DME MACs published a proposed final LCD for nebulizers in April 2008. The second sentence of this paragraph is denied, and Defendants respond further that the final LCDs were amended to change the effective date for applying the "least costly alternative" principle to the combination dose of albuterol sulfate and ipratropium bromide to November 1, 2008. The third sentence of this paragraph is denied, insofar as the attached exhibits are not the final LCDs.

47. The first and second sentences of this paragraph are denied. The third and fourth sentences are admitted.

48. Defendants incorporate by reference their responses to paragraphs 1-47.

49. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

50. The first sentence of this paragraph is Plaintiffs' characterization of the relief they seeks in this action, to which no response is required. The second sentence is denied.

51. This paragraph consists of legal conclusions, to which no response is required.

To the extent a response is deemed required, this paragraph is denied.

52. Defendants incorporate by reference their responses to paragraphs 1-51.

53. This paragraph is a characterization of 5 U.S.C. § 706(2)(A), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

54-56. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, these paragraphs are denied.

57. Defendants incorporate by reference their responses to paragraphs 1-56.

58. This paragraph is a characterization of 5 U.S.C. § 706(2)(C), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

59-60. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, these paragraphs are denied.

The remainder of Plaintiffs' Complaint consists of a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiffs are entitled to the requested relief or to any relief whatsoever.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

Dated: August 25, 2008.                    Respectfully submitted,

                                           GREGORY G. KATSAS
                                           Assistant Attorney General

                                           JEFFREY A. TAYLOR
                                           United States Attorney

                                      SHEILA M. LIEBER
                                      Deputy Branch Director

                                       */s/ Scott Risner*
                                      SCOTT RISNER
                                      Trial Attorney
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      20 Massachusetts Ave., N.W.
                                      Washington, D.C. 20530
                                      Tel: (202) 514-2395
                                      Fax: (202) 616-8470
                                      Email: scott.risner@usdoj.gov

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

JOCELYN S. BEER
Attorney
United States Department of
Health and Human Services